# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Eric Thomas Mesi and Betty Mesi, | Case No. 2:26-cv-01018-DJA |
| Plaintiffs, | |
| v. | **Order**<br>**and**<br>**Report and Recommendation** |
| American Modern Property and Casualty Insurance Company aka American Modern Insurance Group, Inc.; Bridgestone Retail Operations, LLC aka Firestone Complete Auto Care; and LexisNexis Risk Solutions Inc. aka LexisNexis Risk Data Retrieval Services LLC, | |
| Defendants. | |

This civil action arises out of the damage to and insurance of pro se Plaintiffs Eric Thomas Mesi and Betty Mesi's classic vehicle. Plaintiffs allege that American Modern Property and Casualty Insurance Company wrongfully denied an insurance claim regarding their classic vehicle, that Defendant Bridgestone Retail Operations, LLC damaged the vehicle, and that Defendant LexisNexis Risk Solutions Inc. provided inaccurate data to American that resulted in American denying Plaintiffs' claim. Plaintiffs initially brought this claim in state court. Lexis and American removed it, explaining that the Plaintiffs' complaint included claims arising under federal law. (ECF No. 1).

Plaintiffs now move to remand the case to state court, explaining that they have filed an amended complaint that removes any references to federal law that their original complaint contained. (ECF No. 7). Lexis has filed a non-opposition to the motion to remand, acknowledging that the Court does not have subject matter jurisdiction over Plaintiff's amended claims. (ECF No. 13). American has not responded to the motion to remand, constituting its consent to the Court granting it under Local Rule 7-2(d). And Bridgestone has not appeared in this action.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). "A court's subject-matter jurisdiction can never be waived or forfeited [and] objections to the court's jurisdiction may be resurrected at any point in the litigation." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3). There is a "strong presumption against removal jurisdiction," so removal statutes are strictly construed, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (cleaned up). As the party invoking federal jurisdiction, the defendant always has the burden of establishing that removal is proper, *Id.*; *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014), and "an action filed in state court may be removed only if the district court could have exercised jurisdiction over the action if originally filed there" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (cleaned up).

Because Plaintiffs have amended their complaint to remove any reference to federal statutes and because no party opposes, the assigned magistrate judge will therefore recommend[1] that Plaintiffs' motion to remand be granted, this matter be remanded to the Eighth Judicial District Court, Clark County, Nevada and that the pending motions (ECF Nos. 8, 19, 24, 25, 26, and 27)[2] be denied as moot.

---

[1] This case has been assigned to the magistrate judge consent program. (ECF No. 3). Plaintiffs have indicated that they do not consent to the assigned magistrate judge's jurisdiction. (ECF No. 7). So, the undersigned will issue this decision as a recommendation and direct the Clerk's Office to randomly assign a district judge to this matter. *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (finding that remanding a case to state court, while not case-dispositive, is dispositive of proceedings in federal court and therefore beyond the authority of magistrate judges).

[2] Plaintiffs move for sanctions against Lexis and American for removing the case. (ECF No. 8). Lexis moves for an extension of time to respond to Plaintiffs' amended complaint. (ECF No. 19). Plaintiffs move to strike American's answer to their amended complaint and its affirmative defenses. (ECF No. 24). Plaintiffs also move for sanctions against American, claiming that American acted in bad faith by denying certain of Plaintiff's allegations. (ECF No. 25). Plaintiffs also move for leave to serve their first set of requests for production of documents.

## ORDER

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to randomly assign a district judge to this matter.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to remand (ECF No. 7) be **granted** and this case **remanded** to the Eighth Judicial District Court, Clark County, Nevada.

**IT IS FURTHER RECOMMENDED** that the pending motions (ECF Nos. 8, 19, 24, 25, 26, and 27) be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: April 29, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

(ECF No. 26). American moves to strike Plaintiffs' reply that they made to American's answer (ECF No. 17) and Plaintiffs' "supplemental statement of facts" (ECF No. 18). (ECF No. 27).